IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                                                25-CR-90-JLS

AARON STISSER,

                  Defendant.

---

## PLEA AGREEMENT

The defendant, AARON STISSER, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.    THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and to plead guilty to a one count Information charging a violation of Title 18, United States Code, Section 1001(a)(2) (making a materially false statement relating to an offense under 18 U.S.C. § 1591), for which the maximum possible sentence is a term of imprisonment of 8 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of up to 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required

to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II. ELEMENTS AND FACTUAL BASIS

3. The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a. The defendant made a statement or representation;

   b. The statement or representation was false, fictitious, or fraudulent;

   c. The statement or representation was material and related to an offense under 18 U.S.C. § 1591;

   d. The false statement or representation was made knowingly and willfully; and,

   e. The statement was made in a matter within the jurisdiction of the executive branch of the United States.

### FACTUAL BASIS

4. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. On or about February 26, 2025, in the Western District of New York, the defendant, AARON STISSER, in a matter within the jurisdiction of the executive branch of the United States, did knowingly and willfully make a materially false, fictitious, or fraudulent statement to officers of the United States Department of Homeland Security, that is, that the defendant told agents of Homeland Security Investigations ("HIS") that he was not a user of illegal narcotics in the year 2024.

b. On or about February 26, 2025, HSI was investigating Garvin L. Hegwood, IV ("Hegwood"), for, in relevant part, offenses under Title 18, United States Code, Section 1591(a)(1) (sex trafficking) and Title 21, United States Code, Section 841(b)(1)(C) (distribution of a controlled substance resulting in serious bodily injury), related to an overdose involving Victim 1, an individual known to the parties, on or about May 3, 2024, at the defendant's residence at 4845 Transit Road, Depew, New York 14043 ("4845 Transit Road").

c. Between on or about March 30, 2024, and May 3, 2024, the defendant solicited multiple women for commercial sex, including Victim 1, from Hegwood, a pimp.

d. During at least three of these encounters, the defendant ingested cocaine.

e. On or about the late evening of March 30, 2024, Hegwood transported Victim 1 to 4845 Transit Road for the defendant to engage in commercial sex with Victim 1. The defendant solicited cocaine from Hegwood through text message, and Victim 1 supplied the cocaine.

f. On or about April 6, 2024, Hegwood brought Victim 2, a person known to the parties, to 4845 Transit Road for the defendant to engage in commercial sex with Victim 2. The defendant and Victim 2, who was physically unwell, consumed cocaine supplied by Hegwood.

g. Later, during the evening of April 6, 2024, and into the early morning hours of April 7, 2024, Hegwood obtained another woman, Victim 3, a person known to the parties, and transported her to 4845 Transit Road for the defendant to purchase commercial sex. The defendant again ingested cocaine that Hegwood supplied.

h. On or about May 3, 2024, Hegwood transported Victim 1 to 4845 Transit Road for the defendant to purchase commercial sex. When Victim 1 arrived at the defendant's residence, she appeared inebriated and under the influence of an unknown substance. Victim 1 lost consciousness in the defendant's apartment and overdosed. The defendant called 911 and responding paramedics revived Victim 1 with Narcan.

i. On or about February 26, 2025, HSI investigators interviewed the defendant. Prior to questioning the defendant, law enforcement warned the defendant that providing a materially false statement in response to a question is a crime under Title 18, United States Code, Section 1001. Nevertheless, when the defendant was asked if he (i) was a drug user

  and (ii) if he could identify when he last used drugs, the defendant stated that he was not a drug user and last used drugs—to wit, marijuana—when he was in college.

j.  The defendant admits that he knowingly and willfully lied to HSI about his drug use—to wit, his ingestion of cocaine on at least three occasions in 2024—to conceal the nature and extent of his interactions with Hegwood, who distributed cocaine to the defendant in connection with supplying the defendant with young women for the purposes of commercial sex. The defendant admits that this false statement was material. The defendant further admits that his false statement related to sex offenses under 18 U.S.C. § 1591 in that, at the time of the defendant's false statement, HSI agents were investigating Hegwood for distributing drugs to young women, including cocaine, as a means of facilitating sex trafficking by force, fraud, or coercion.

k.  The above facts are set forth for the limited purpose of complying with Rule 11(b)(3) of the Federal Rules of Criminal Procedure and are not intended to serve as a complete statement of the defendant's criminal conduct.

### III. SENTENCING GUIDELINES

5.  The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

6.  The government and the defendant agree that Guideline § 2J1.2(a) applies to the offense of conviction and provides for a base offense level of **14**.

### SPECIFIC OFFENSE CHARACTERISTICS

7.  The government and the defendant agree that the following specific offense characteristic applies:

  a. The (4) four-level increase pursuant to Guideline § 2J1.2(b)(1)(A) (the offense of conviction relates to sex offenses under 18 U.S.C. § 1591)

## ADJUSTED OFFENSE LEVEL

8. It is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is **18**.

## ACCEPTANCE OF RESPONSIBILITY

9. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility), and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of which would result in a total offense level of **15** for the offense of conviction.

## CRIMINAL HISTORY CATEGORY

10. It is the understanding of the government and the defendant that the defendant's criminal history category is **I**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the pleas of guilty based on the Court's determination of the defendant's criminal history category.

## ADJUSTMENT FOR ZERO-POINT OFFENDER

11. It is the understanding of the government and the defendant that the defendant meets the criteria set forth in Guideline § 4C1.1(a)(1)–(10) (Adjustment for Certain Zero-Point

Offenders), and as a result, a two-level downward adjustment applies, resulting in an adjusted offense level of **13**.

## GUIDELINES' APPLICATION, CALCULATIONS, AND IMPACT

12. It is the understanding of the government and the defendant that, with a total offense level of **13** and criminal history category of **I**, the defendant's sentencing range would be a term of imprisonment of **12 to 18 months**, a fine between **$5,500 and $55,000**, and a period of supervised release of **1 to 3** years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

13. The government and the defendant agree to the correctness of the Sentencing Guidelines calculations set forth in this agreement, The defendant, however, reserves the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

14. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

15. In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV.   STATUTE OF LIMITATIONS

16.   In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.   IMMIGRATION CONSEQUENCES

17.   The defendant represents that the defendant is a citizen of the United States. However, if the defendant is a naturalized citizen of the United States, the defendant understands that pleading guilty may result in denaturalization and removal. If the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant understands that any effect that the defendant's conviction in this action will have upon the defendant's immigration status, that is, possible removal, denaturalization, or other immigration consequence, is the subject of a separate proceeding. The defendant has had an opportunity to fully determine what the consequences of the defendant's conviction may be on the defendant's immigration status, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's

immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the guilty plea may entail.

18. The defendant understands that the defendant is bound by the guilty plea regardless of the immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to the guilty plea and to the sentence based on those consequences and agrees not to seek to withdraw the guilty plea or to file a direct appeal or any kind of collateral attack challenging the guilty plea, conviction, or sentence based on the immigration consequences of the guilty plea, conviction, or sentence. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in the appropriate forum.

## V.   GOVERNMENT RIGHTS AND OBLIGATIONS

19. At sentencing, the government agrees not to oppose the recommendation that the Court sentence the defendant at the lowest point of the applicable Guidelines range.

20. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

   c. advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and the method of payment;

   d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government

   receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and,

e. oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

21. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI. APPEAL RIGHTS

22. The defendant knowingly waives the right to appeal and collaterally attack the defendant's conviction in any proceeding, including, but not limited to, an application under Title 28, United States Code, Section 2255, and/or Section 2241. In addition to any other claims the defendant might raise, the defendant knowingly waives the right to challenge the conviction based on: (1) any non-jurisdictional defects in the proceedings prior to entry of this plea; (2) a claim that the statute to which the defendant is pleading guilty is unconstitutional, (except in the event that, in the future, the Supreme Court finds the statute in question unconstitutional); and (3) a claim that the conduct admitted in the Factual Basis of this plea agreement does not fall within the scope of the statutes to which the defendant is pleading guilty.

23. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence

imposed by the Court which falls within or is less than a term of imprisonment of **12 to 18 months**, a fine between **$5,500 and $55,000**, and a period of supervised release of **1 to 3** years. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence. The defendant further knowingly waives the right to appeal and/or collaterally attack any condition of supervised release imposed by the Court for which the defendant had notice, including from a recommendation by the Probation Office in the Presentence Investigation Report, and did not object. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

24. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

25. By entering this plea of guilty, the defendant waives any and all rights to withdraw the defendant's plea or to attack the defendant's conviction or sentence, either on direct appeal or collaterally, on the ground that the government has failed to produce any discovery material, (other than material the government was required to produce under *Brady v. Maryland* and its progeny), that has not already been produced as of the date of the signing of this Agreement.

26. Notwithstanding the foregoing, nothing in the Appeal Rights section of this plea agreement shall be construed to be a waiver of whatever rights the defendant may have

to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise.

27. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than a term of imprisonment of **12 to 18 months**, a fine between **$5,500 and $55,000**, and a period of supervised release of **1 to 3** years. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## TOTAL AGREEMENT AND AFFIRMATIONS

28. This plea agreement represents the total agreement between the defendant, **AARON STISSER**, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

MICHAEL DIGIACOMO
United States Attorney
Western District of New York

BY: _____
CASEY L. CHALBECK
Assistant United States Attorney

Dated: July 29, 2025

I have read this agreement, which consists of pages **1 through 12**. I have had a full opportunity to discuss this agreement with my attorney, Rod Personius, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
AARON STISSER
Defendant

Dated: July 29, 2025

_____
RODNEY O. PERSONIUS ESQ.
Attorney for the Defendant

Dated: July 29, 2025